IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSICA-LEIGH SAMMONS, Beneficiary, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-25-977-SLP |
| EMILY MUELLER, | ) ) ) |
| Defendant. | ) |

**O R D E R**

Plaintiff has filed a Complaint [Doc. No. 1] against a single Defendant, Emily Mueller, a state-court judge. Plaintiff appears pro se and, therefore, the Court construes her filings liberally but does not act as her advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Upon review of the Complaint, the Court finds no basis for the exercise of federal subject matter jurisdiction.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and therefore "may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation." *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006) (internal quotation marks omitted). Here, Plaintiff purports to invoke the Court's federal question subject matter jurisdiction and cites 28 U.S.C. § 455 as the basis for such jurisdiction. As her "Statement of the Claim" she alleges: "The judge showed bias by not granting the petition, or considering the value of the asset was her obligation, therefore further exposing the asset to further

damages."[1]  As "Relief" she seeks an "immediate forcible entry order and lock out for the security of the property for the trustees and beneficiaries of the irrevocable Trust created in Paula's name, grantor should receive $150,000.00 and representative has a forced hiring on the record."  She also includes a forty-six page attachment to her Complaint.

The statutory provision Plaintiff cites, 28 U.S.C. § 455, governs the disqualification of federal judges, not state-court judges.  *See id.*, § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.").  Thus, this statute does not provide a basis for the Court's exercise of subject-matter jurisdiction.

Additionally, the Court has reviewed the allegations of the Complaint and the attachments thereto, but cannot discern the basis of any federal claim for relief against Judge Mueller, and necessarily, therefore, the basis for the exercise of subject matter jurisdiction.  The Court is aware that Judge Mueller has recently received a public reprimand by the Oklahoma Supreme Court.  *See In re Matter of Disciplinary Proceeding Concerning Mueller*, -- P.3d --, No. 123375, 2025 WL 2438510 (Okla. Aug. 20, 2025). Plaintiff may (or may not) have further recourse before the Oklahoma courts regarding the conduct of Judge Mueller in the course of her state-court proceedings, but she has not identified any basis for this Court's exercise of jurisdiction.[2]

---

[1] On her civil cover sheet, Plaintiff describes her cause of action as "failure to recuse."  *See* Doc. No. 1-2.

[2] To the extent Plaintiff challenges any order of the state-court judge in a proceeding that is now final, or seeks to have this Court intervene in a state-court proceeding that is not final, it appears the Court may further lack jurisdiction over such matters under the doctrines of *Younger* abstention

2

IT IS THEREFORE ORDERED that the Complaint [Doc. Nos. 1] is DISMISSED without prejudice.  A separate judgment of dismissal shall be entered.

IT IS FURTHER ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] is DENIED as moot.

IT IS SO ORDERED this 28th day of August, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

and *Rooker-Feldman*.  *See, e.g., Bellinsky v. Galan*, No. 24-1351, 2025 WL 2047809 at *3-4 (10th Cir. July 22, 2025) (unpublished op.) (discussing doctrines).  Because the Complaint otherwise fails to allege a basis for the Court to exercise subject matter jurisdiction, however, it is unnecessary for the Court to address these doctrines.  The Court merely apprises Plaintiff of the potential additional hurdles these doctrines may present.